UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ARIANNY CELESTE LOPEZ, CARMEN ELECTRA a/k/a TARA LEIGH PATRICK, CIELO JEAN "CJ" GIBSON, DENISE TRLICA a/k/a DENISE MILANI, EVA PEPAJ, IRINA VORONINA, JESSICA HINTON a/k/a JESSA HINTON, KEELEY REBECCA HAZELL, MARIANA DAVALOS, PAOLA CANAS, KATARINA VAN DERHAM, JESSICA GOLDEN, TIFFANY GRAY a/k/a TIFFANY TOTH, VIDA GUERRA, HEATHER RAE EL MOUSSA a/k/a HEATHER RAE YOUNG, INA SCHNITZER a/k/a JORDAN CARVER MASHA "MALU" LUND, and TYRAN RICHARD, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS J. PITNER, individually, and as an officer, director, shareholder, member, and/or principal of JOHN DOE ENTITY d/b/a/ MTM'S BAR and JOHN DOE ENTITY d/b/a/ MTM'S BAR, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 3:25-CV-184-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' Motion for Extension of Time to Serve Complaint and Summons [Doc. 7 (as amended by Doc. 9)]. Plaintiffs request an additional 90 days in which to serve process upon defendants. In support, they submit that "the business has closed and locating the proper parties has proven difficult," including through the repeated unsuccessful attempts of a process server [*Id.*; Doc. 9-1].

Federal Rule of Civil Procedure Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). While Rule 4(m) does not define "good cause," it generally means "a reasonable, diligent effort" at proper service. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (internal quotation omitted). Good cause may exist where "something outside the plaintiff's control prevents timely service." *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). Whether plaintiffs have established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999).

Here, the Court finds that plaintiffs have established good cause for failure to timely serve defendants. Because plaintiffs filed their complaint on April 29, 2025, they had until July 28, 2025, to serve defendants in this case. *See* Fed. R. Civ. P. 4(m) (setting 90-day deadline for service). Plaintiffs indicate that a process server has made repeated attempts to locate defendant Thomas J. Pitner and that the business operated by defendant John Doe Entity has apparently closed [*See* Doc. 9]. Despite plaintiffs' good faith efforts, therefore, service of process has been thwarted by at least some circumstances beyond their control. *See Savoie*, 2022 WL 3643339, at *4.

Therefore, the Court will exercise its discretion under Rule 4(m) to order that service be made within a specified, albeit limited, time. Plaintiffs are hereby **ORDERED** to serve

2

defendants in compliance with Rule 4 within **45 days** of the date of this order. Failure to do so may result in dismissal of this case under Rule 4(m).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE